234

[610 NYS2d 843]

In the Matter of NORMAN HEIMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 28, 1994

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

*Ellis, Funk, Eidman, Weitz & Benjamin, P. C.,* New York City *(Howard Benjamin* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with three allegations of professional misconduct. The Special Referee sustained all three charges. The petitioner moves to confirm the report of the Special Referee and the respondent submits an affirmation in response "join[ing] with the petitioner in seeking to confirm the report of the Special Referee".

Charge One alleged that on or about July 30, 1992, the respondent entered a plea of guilty to the charge of conspiracy to defraud the United States in violation of 18 USC § 371, a class D felony, in the United States District Court for the Eastern District of New York. On or about October 9, 1992, the Honorable Jacob Mishler sentenced the respondent to a term of one year probation. By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (3) (22 NYCRR 1200.3 [a] [3]), which provides that a lawyer shall not engage in illegal conduct involving moral turpitude.

Charge Two alleged that by his conviction, as detailed in Charge One, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), which provides that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

Charge Three alleged that by his conviction, as detailed in Charge One, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), which provides that a lawyer shall not engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.

Based on the evidence adduced at the hearing, we find that the three disciplinary charges are amply supported by the record and the Special Referee properly sustained them. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's cooperation with the Federal Bureau of Investigation, his previously unblemished record, and the psychiatric testimony proffered by the respondent concerning his bout with depression and his subse-

quent recovery. The respondent is, nevertheless, guilty of serious professional misconduct and is suspended from the practice of law for a period of two years, commencing March 28, 1994, and continuing until the further order of this Court.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Norman Heiman, is suspended from the practice of law for a period of two years, commencing March 28, 1994, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (see, 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Norman Heiman, is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.